## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ISMAEL E. CRUZ-RAMOS,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 21-1439 (ADC)**
**[Related to Crim. No. 12-200-9 (ADC)]**

## <u>OPINION AND ORDER</u>

Pending before the Court is petitioner Ismael E. Cruz-Ramos' ("petitioner") *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on September 10, 2021. **ECF No. 1** ("Mot."). The United States of America ("government") opposed plaintiff's motion. **ECF No. 9**. Petitioner filed a reply, followed by a motion for leave to supplement. **ECF Nos. 10, 18**. In addition, in compliance with a Court order, petitioner's trial counsel, Attorney Francisco Adams-Quesada, filed a response to petitioner's motion. **ECF No. 17**.

Petitioner's motion levies five separate ineffective assistance of counsel claims against both his trial and appellate attorneys. When measured under *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner's claims fail to hold water. Accordingly, having considered the above filings and for the ensuing reasons, the Court **DENIES** petitioner's motion.[1]

---

[1] The Court has already advanced its ruling to petitioner denying his motion. **ECF No. 19**. This Opinion and Order provides the Court's reasoning.

## I.      Factual Background.

For context, the Court rehearses the relevant proceedings and underlying facts that relate to petitioner's ineffective assistance of counsel claims.

### A.  Petitioner's 2011 federal conviction for harboring a fugitive.

Petitioner's legal ordeal began on August 28, 2010, when he was arrested for harboring a fugitive and his future co-defendant, Bernard Astacio-Espino ("Astacio-Espino"), in his house. *See* Compl., *United States v. Cruz-Ramos*, Crim. No. 10-305 (JAG) (D.P.R. Aug. 29, 2010), ECF No. 2.[2] Petitioner was indicted on September 2, 2010 and later plead not guilty to the charge. **Crim. No. 10-305, ECF Nos. 9, 11**. He was represented by a Court-appointed attorney throughout the process. *See* **Crim. No. 10-305, ECF Nos. 5, 14, 45**.

On November 16, 2010, petitioner moved to change his plea. **Crim. No. 10-305, ECF No. 20**. On December 12, 2010, petitioner signed a plea agreement and a statement of facts in which he admitted to, among other things, knowing Astacio-Espino, knowing that he had an outstanding arrest warrant, and knowing that he had stayed several times at his residence without alerting the police. **Crim. No. 10-305, ECF No. 26**. On March 8, 2011, the Court sentenced petitioner to a term of imprisonment of twelve months and one day, crediting time already served, and to three years of supervised release. **Crim. No. 10-305, ECF No. 39**. His supervised release was conditioned on him not committing another federal, state or local crime. *Id.*, at 3.

---

[2] All references to the docket of *United States v. Ramos-Cruz*, Crim. No. 10-305, shall hereinafter be "**Crim. No. 10-305**" followed by the applicable electronic docket entry, so as to distinguish these from references to the above-captioned civil case docket.

Petitioner did not appeal his sentence, as a result of which it became final and unappealable. *See United States v. Ciampi*, 419 F.3d 20, 23 n.2 (1st Cir. 2005) (when a defendant fails to appeal his conviction, the sentence becomes final "when the court enter[s] judgment on the plea agreement.").[3]

Petitioner was released from custody on July 13, 2011. **Crim. No. 10-305, ECF No. 40**. On December 2, 2011, the United States Probation Office filed an informative motion notifying the Court of petitioner's violation of his supervised release conditions, given that he was arrested and charged on October 11, 2011 with violations of several federal drug trafficking and firearm statutes. *Id.*

### B.  Petitioner's 2013 and 2017 RICO and VICAR trials and conviction.

On March 20, 2012, a Grand Jury returned an indictment against petitioner and 32 other co-defendants as part of an operation against a drug trafficking organization known as "La ONU," charging them with a litany of drug trafficking and firearm offenses. **Crim. No. 12-200, ECF No. 1**.[4] Petitioner was brought before a United States Magistrate Judge for an initial appearance. **Crim. No. 12-200, ECF No. 56**. The Court appointed Attorney Adams-Quesada to

---

[3] *But see, e.g., Hernández-López v. United States*, No. CV 20-1128 (SCC), 2022 WL 4220193, at *1 (D.P.R. Sept. 12, 2022) (identifying possible disagreement of other circuit courts with *Ciampi* as to whether one-year limitations period for Section 2255 relief begins to run upon entry of judgment or when time to appeal expires under Fed. R. App. P. 4(b)(1)); *Guerrero-Feliciano v. United States*, No. CV 20-1027 (ADC), 2023 WL 2713900, at *3 (D.P.R. Mar. 30, 2023) (same).

[4] All references to the docket of *United States v. Ramos-Pineiro, et al.*, Crim. No. 12-200 (D.P.R.), shall hereinafter be "**Crim. No. 12-200**" followed by the applicable electronic docket entry, so as to distinguish these from references to the above-captioned civil case docket.

represent him pursuant to the Criminal Justice Act. **Crim. No. 12-200, ECF No. 40.** Petitioner

was then arraigned on April 13, 2012 and plead not guilty. **Crim. No. 12-200, ECF No. 93.**

The government filed a Superseding Indictment on June 20, 2012, where it charged

petitioner with one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) ("Count 1");

conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§

846 and 860 ("Count 2"); conspiracy to possess firearms during and in relation to a drug

trafficking crime in violation of 18 U.S.C. § 924(o) ("Count 3"); aiding and abetting in the murder

of Christian Toledo Sánchez, a/k/a "Pekeke," in violation of Puerto Rico Penal Code articles 105

and 106 (2004) as a violent crime in aid of racketeering activity ("VICAR") under 18 U.S.C. §

1959(a)(1) ("Count 29"); and aiding and abetting the use and carry of a firearm in relation to a

crime of violence under 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1) and (2) ("Count 30"). **Crim. No. 12-

200, ECF No. 196**. Petitioner again plead not guilty at his second arraignment. **Crim. No. 12-200,

ECF No. 221**.

Petitioner was tried alongside co-defendants Pedro L. Ramírez-Rivera and José

Laureano-Salgado. Trial took place before an anonymous jury between February 7 and 15, 2013

and lasted seven days. **Crim. No. 12-200, ECF Nos. 749, 792**. After the evidence was heard, the

jury deliberated for half a day and found petitioner guilty on all counts charged . **Crim. No. 12-

200, ECF Nos. 792, 794.** On October 2, 2013, petitioner was sentenced to life imprisonment

without the possibility of parole as to Count 29, twenty years imprisonment as to Count 3, to

run concurrently with Count 29, and twenty additional years imprisonment as to Count 30, to

run consecutively to Count 29, for a total term of life plus twenty years. **Crim. No. 12-200, ECF No. 1204.**

Petitioner appealed his conviction to the First Circuit Court of Appeals which, on August 27, 2015, issued an Opinion and Order vacating the judgment and remanding the case to the District Court for a new trial. *United States v. Ramírez-Rivera, et al.*, 800 F.3d 1 (1st Cir. 2015); *see also* **Crim. No. 12-200, ECF Nos. 1673, 1676**. As relevant here, the First Circuit held that the police officers who arrested petitioner in 2010 had no probable cause to enter his house and perform a warrantless search of it and his car, for which reason the seized evidence should have been suppressed and not used against him at trial. *Ramírez-Rivera*, 800 F.3d at 23-35.

On remand, the Court granted petitioner's motion to suppress the statement he allegedly gave to federal agents after his arrest. **Crim. No. 12-200, ECF No. 1766**. Petitioner also moved to exclude from evidence his plea agreement in Crim. No. 10-305 where he admitted to harboring Astacio-Espino. **Crim. No. 12-200, ECF Nos. 1977**. Before petitioner's second trial, the parties reached a stipulation whereby said plea agreement would be introduced with some redactions. **Crim. No. 12-200, ECF Nos. 2050**. The Court ultimately allowed a redacted version of the plea to be introduced at trial. **Crim. No. 12-200, ECF Nos. 2053, 2059**.

Petitioner's second trial lasted five days, from February 8 to 14, 2017. **Crim. No. 12-200, ECF No. 2050, 2069**. The jury deliberated for half a day and returned a verdict of guilty on all counts. **Crim. No. 12-200, ECF No. 2069, 2071**. The Court denied petitioner's motion for judgment of acquittal or new trial on May 19, 2017. **Crim. No. 12-200, ECF No. 2116**. Petitioner

was sentenced on May 31, 2018 to life imprisonment as to Counts 1, 2, 3, and 29 to be served

concurrently with each other, as well as to twenty-five years imprisonment as to Count 30, to

run consecutively with his life imprisonment sentence. **Crim. No. 12-200, ECF No. 2171**.

### C. Petitioner's 2018 appeal to the First Circuit.

Petitioner timely appealed his conviction on June 1, 2018. **Crim. No. 12-200, ECF No. 2172**.

There, he argued, as relevant here, that the Court should not have admitted his 2011 plea of

guilty to harboring a fugitive as evidence because it was "fruit of the poison tree" in that the

search that led to his arrest in that proceeding was subsequently deemed illegal. *See* Appellant's

Brief at 37, *United States v. Cruz-Ramos,* No. 18-1569 (1st Cir. July 22, 2019) (citing to *Ramírez-*

*Rivera*, 800 F.3d at 31). Petitioner also faulted the trial court with failing to give the jury a so-

called *Rosemond* instruction regarding the requirement of "advance knowledge" that a crime

will be committed in relation to his aiding and abetting convictions in Counts 3, 29, and 30. *Id.*,

at 49. In addition, petitioner argued that the Court incorrectly imposed a mandatory consecutive

sentence as to Count 30 because it misapplied 18 U.S.C. § 924(j). *Id.*, at 54.

After analyzing these and other supposed trial court errors, the First Circuit affirmed his

conviction on January 27, 2019. *See United States v. Cruz-Ramos,* 987 F.3d 27 (1st Cir. 2021); **Crim.**

**No. 12-200, ECF No. 2316**. It found that the evidence of his prior plea deal did not warrant

exclusion. In doing so, in the middle of explaining its four-factor analysis, the First Circuit

remarked as an aside that petitioner "ha[d] never tried to invalidate [the agreement] as a product

of the illegal search." *Cruz-Ramos*, 987 F.3d at 41. The mandate issued on February 17, 2021.

**Crim. No. 12-200, ECF No. 2321**.

### D.  Petitioner's Section 2255 motion to vacate, set aside, or correct sentence.

Petitioner commenced the above-captioned proceeding by filing his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 10, 2021. **ECF No. 1**. He accompanied his motion with a request for appointment of counsel. **ECF No. 2**. The Court ordered the government to respond, and the government complied on April 18, 2022. **ECF No. 9**. Petitioner filed a reply, followed by a second motion for appointment of counsel. **ECF Nos. 10, 11**. The Court later denied petitioner's request for a Court-appointed attorney in this proceeding. **ECF Nos. 12, 14**. The Court also ordered petitioner's trial counsel, Attorney Adams-Quesada, to respond to the motion to vacate, which he did on March 31, 2024. **ECF Nos. 15, 16, 17**. Finally, on October 16, 2024, the Court received petitioner's motion for leave to supplement his original motion to vacate to raise claims under *Lora v. United States*, 599 U.S. 453 (2023) and *Erlinger v. United States*, 602 U.S. 821 (2024). **ECF No. 18**.[5]

---

[5] The date of petitioner's signature in the motion appears as August 10, 2024, but the certificate of service is dated "7/10/2024" or July 10, 2024. **ECF No. 18** at 9. This discrepancy can be explained. In Puerto Rico, the standard date format differs from that used in the United States in that the day precedes the month: "day/month/year." Interpreting the certificate of service this way would put the date of mailing as October 7, 2024, which accords with the date of the envelope stamp, October 9, 2024. **ECF No. 18-1**.

## II.    Discussion

### A.  The Court's denial of appointment of counsel.

Before delving into the merits of plaintiff's claims, the Court notes that petitioner included in his reply a section in which he claims that the Court' denial of his request for appointment of counsel (*see* **ECF No. 12**) deprived him of raising an additional argument in favor of vacating his sentence. **ECF No. 10** at 14-15. Petitioner should be mindful that "[t]here is no right to counsel in postconviction proceedings . . . and most applicants proceed *pro se*." *Garza v. Idaho*, 586 U.S. 232, 245-46 (2019) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). In addition, the Rules Governing Section 2255 Proceedings ("Section 2255 Rules") provide instructions for filing and managing motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Rule 2 clearly instructs would-be petitioners that "the motion must . . . specify all the grounds for relief available to the moving party." Section 2255 Rule 2(b).

Accordingly, petitioner's lack of counsel is of no relevance. The Court will not consider any claim that was not raised and developed on the record.

### B.  Whether petitioner's motion for leave to supplement should be allowed.

Petitioner's motion for leave to supplement seeks to raise two additional grounds for relief under two relatively recent Supreme Court cases. **ECF No. 18**. For the reasons explained below, the motion for leave is **GRANTED IN PART, DENIED IN PART**.

Petitioner's first supplemental claim purports to arise under *Erlinger v. United States*, 602 U.S. 821 (2024). There, the Supreme Court held that the Fifth and Sixth Amendments to the

United States Constitution entitle a defendant to have a unanimous jury (not a judge) determine beyond a reasonable doubt (not by preponderance of the evidence) whether, for purposes of 18 U.S.C. § 924(e)(1), his or her past offenses were committed on separate occasions. *Erlinger*, 602 U.S. at 834-35. *Erlinger* relies heavily on *Apprendi* and *Alleyne*. *See, e.g., id.*, at 835 ("Really, this case is as nearly on all fours with *Apprendi* and *Alleyne* as any we might imagine."). However, this case only extends the rule applied in those cases to Section 924(e)(1): "While recognizing that Mr. Erlinger was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond reasonable doubt, we decide no more than that." *Id.*, at 835.

Petitioner's second supplemental claim is that his mandatory consecutive sentence under Count 30 should be vacated because the Court erroneously interpreted 18 U.S.C. § 924(j) as incorporating 18 U.S.C. § 924(c)(1)(A)'s mandate of consecutive sentences. Petitioner relies on *Lora v. United States*, 599 U.S. 453 (2023), where the Supreme Court held that Section 924(j) does not require the mandatory imposition of consecutive prison sentences. *Lora*, 599 U.S. at 455. Instead, the Supreme Court held that judges retain the discretion to impose concurrent sentences under that statute. *Id.*, at 464.

Petitioner does not have viable claims under either *Erlinger* or *Lora*. First, petitioner was not sentenced pursuant to Section 924(e)(1), reason for which *Erlinger* is inapplicable to his circumstances and not a basis for a viable claim. Second, even assuming that *Lora* has been deemed retroactively applicable to collateral review proceedings, the claim would be time-barred under 28 U.S.C. § 2255(f)(3). The Supreme Court issued its decision in *Lora* on June 12,

2023, but petitioner filed his motion for leave to supplement on October 7, 2024. And because this claim in no way relates to any claim or specific event raised in the original motion to vacate, the Court cannot relate it back to the original motion's filing.[6] Accordingly, any claim petitioner could have raised under *Lora* is time-barred.

For these reasons, the Court **DENIES** the motion for leave at **ECF No. 18** insofar as it seeks to raise additional claims. Notwithstanding, construing the motion as a request for the Court to consider supplemental authority, the Court sees no harm in allowing such request. In that respect, the motion to supplement is **GRANTED**.

### C. Petitioner's claims of ineffective assistance of counsel.

Where a petitioner moves to vacate his sentence on ineffective assistance of counsel grounds, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 686. "In order to succeed on an ineffective assistance claim, a '[petitioner] must show both that counsel's performance was deficient and that it prejudiced his defense.'"

---

[6] Fed. R. Civ. P. 15(c)(1) governs the relations back analysis in Section 2255 proceedings. *See Mayle v. Felix*, 545 U.S. 644 (2005) (applying Rule 15 to federal habeas proceedings); *United States. v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005) ("[Rule 15] governs amendments to habeas petitions in § 2255 proceedings."). Rule 15 provides that an amendment to a pleading will relate back to the filing of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," among other instances not relevant here. *See* Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, this means that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664. But this relations-back standard "is to be strictly construed[ ] in light of 'Congress' decision to expedite collateral attacks by placing stringent time restrictions on them.'" *Ciampi*, 419 F.3d at 23 (quoting *Mayle*, 454 U.S. at 657). Thus, any amendment "must not depend on events which are separate both in time and type from events upon which the original claims depended." *Id.*, at 24.

*Rojas-Medina v. United States*, 924 F.3d 9, 15 (1st Cir. 2019) (citing *Janosky v. St. Amand*, 594 F.3d 39, 45 (1st Cir. 2010)). "Unless a defendant makes **both showings**, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687 (emphasis added). This standard is applicable to claims of ineffective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 395 (1985). "A [petitioner's] failure to satisfy one prong of the *Strickland* analysis obviates the need for a court to consider the remaining prong." *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010) (citing *Strickland*, 466 U.S. at 697). Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 679. *See also Martínez-Armestica v. United States*, 468 F. Supp. 3d 470, 473–74 (D.P.R. 2020).

Having disposed of petitioner's motion for leave to supplement, the Court will now address the claims included in petitioner's motion, beginning with those directed at his trial counsel and then those directed at his appellate counsel.[7]

### 1. Whether petitioner's trial counsel was ineffective for failing to move to vacate his 2011 conviction for harboring a fugitive.

Petitioner claims that his trial counsel was ineffective for failing to move to vacate his 2011 conviction for harboring a fugitive in Crim. No. 10-305, because a redacted version of his plea agreement in that case was used as evidence against him in the 2017 trial that resulted in his conviction in Crim. No. 12-200.

---

[7] The Court is required to construe *pro se* filings liberally and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court has proceeded accordingly.

The government responds to this argument by highlighting that a court cannot accept a withdrawal of a guilty plea after sentencing pursuant to Fed. R. Crim. P. 11(d)(2)(B). **ECF No. 9** at 8. After sentencing, the Rule provides that a plea can only be set aside through a direct appeal or collateral attack. Fed. R. Crim. P. 11(e). The government points out that petitioner's plea agreement contained a waiver of his right to appeal, and that because more than a year had passed after his sentence had become final, a collateral attack under Section 2255 would have most likely failed as time barred. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final[.]"). The government is correct on both counts.

The Court further notes that petitioner's trial counsel, Attorney Adams-Quesada, was appointed to represent him in Crim. No. 12-200 more than a year after petitioner's conviction in Crim. No. 10-305 had become final, on March 28, 2012. *See* Minute Entry for Initial Appearance, **Crim. No. 12-200, ECF No. 56** ("By Order of the Court, CJA counsel Francisco Adams [Quesada] is directly appointed to represent [petitioner].")*.* That is, Attorney Adams-Quesada could not have moved to collaterally attack his 2011 conviction with any reasonable chance of success. In spite of this, Attorney Adams-Quesada managed to overturn on appeal petitioner's first conviction in Crim. No. 12-200 and obtained for him a new trial on the basis that the search that led to the plea agreement was illegal, and that the evidence seized during that search was inadmissible. The genesis of this success lies in a motion to suppress he filed on January 21, 2013.

**Crim. No. 12-200, ECF No. 554**.[8] Attorney Adams-Quesada also obtained favorable rulings excluding from the second trial much of the evidence that was seized in that search.

Given the above, the Court finds that trial counsel's performance was not objectively deficient under *Strickland*. Petitioner's first ground for relief is **DENIED**.

> **2.  Whether petitioner's trial counsel was ineffective for failing to request an "advance knowledge" jury instruction under *Rosemond* as to Count 30.**

Petitioner next claims that his trial counsel was ineffective for failing to request an "advance knowledge" jury instruction regarding Counts 3, 29, and 30 pursuant to *Rosemond v. United States*, 572 U.S. 65 (2014). **ECF No. 1** at 5. These counts charged petitioner with, respectively, conspiracy to possess firearms in relation to a drug trafficking crime (18 U.S.C. §§ 924(c)(1)(A), 924(o)), aiding and abetting in the VICAR murder of Christian Toledo Sánchez, a/k/a "Pekeke" (18 U.S.C. § 1959(a)(1)), and aiding and abetting the use and carry of a firearm in said VICAR murder (18 U.S.C. §§ 924(c)(1)(A), 924(j)(1) and (2)).

As the First Circuit explained in *Cruz-Ramos*, *Rosemond* held that "an accused aider and abettor must have had advance knowledge that a cohort would use or carry a gun during its commission, because he must have decided to align himself with the illegal scheme in its entirety — including its use of a firearm." *Cruz-Ramos*, 987 F.3d at 40 (cleaned up). Almost in the same breath, the circuit court cited footnote 7 of its opinion in *United States v. Manso-Cepeda*, 810 F.3d 846 (1st Cir. 2016), in which it observed that "the First Circuit already had an advance

---

[8] This motion contained no new facts that would have been relevant to a timeliness analysis on collateral review under 28 U.S.C. § 2255(f)(4).

knowledge requirement for aiding and abetting convictions prior to *Rosemond,* and this Court has consistently used the 'consciously shared' formulation to describe our aiding and abetting law." *Manso-Cepeda*, 810 F.3d at 852, n.7 (citing *United States v. García-Ortiz*, 792 F.3d 184, 188-90 (1st Cir. 2015); *United States v. Spinney*, 65 F.3d 231, 235 (1st Cir. 1995); *United States v. Davis*, 750 F.3d 1186, 1993-94 (10th Cir. 2014)). That is to say, that an aiding and abetting instruction which includes the "consciously shared" formulation does not run afoul of *Rosemond*.

Here, the Court used the "consciously shared" formulation in its aiding and abetting instruction to the jury as to Counts 3 and 29 . *See* Tr. of Jury Trial, Feb. 14, 2017, **Crim. No. 12-200, ECF No. 2201** at 34:14-17; 40:20-23.[9] Count 30 Therefore, there is no prejudice under *Strickland* from counsel's failure to request an "advance knowledge" instruction under *Rosemond*.[10] Petitioner's second ground for relief is therefore **DENIED**.

### 3. Whether petitioner's appellate counsel was ineffective for failing to raise *Apprendi* and *Alleyne* violations as to Counts 3 and 30, respectively.

Petitioner's third claim turns on alleged trial court errors under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013) that his appellate counsel failed to raise on appeal. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior

---

[9] References to transcripts in this Opinion & Order shall generally be in the following format: "Tr., [month]/[day], **Crim. No. 12-200, ECF No. [ ]** at [page : line] to [page : line]."

[10] In addition, although not plainly raised and only for the avoidance of doubt, the Court would not find any prejudice to petitioner under *Strickland* from merely being exposed to a higher level of appellate scrutiny. *See Mendoza-Garcia v. United States*, No. CR 16-00656-2 (ADC), 2023 WL 4540434, at *6 (D.P.R. July 14, 2023) ("[B]eing subjected to plain error review on appeal due to an unpreserved objection at trial is not prejudicial under *Strickland*.").

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Alleyne*, it extended the holding of *Apprendi* to the finding of any fact necessary that increases a statute's mandatory minimum sentence:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne*, 570 U.S. at 103 (internal citation omitted).

Petitioner argues that the judge in his trial violated *Apprendi* by sentencing him to life imprisonment when 18 U.S.C. § 924(o) only carries a maximum sentence of twenty years. **ECF No. 1** at 6-7. Petitioner focuses on Section 924(o)'s first clause, which does provide for a maximum sentence of twenty years. However, the second clause is clear that when the firearm in question is, among other things, a machinegun, the penalty is imprisonment "for any term of years or life." 18 U.S.C. § 924(o). On reply, petitioner clarifies that the alleged *Apprendi* violation was that the jury was not presented with the machinegun element in Count 3. **ECF No. 10** at 6-7. But a cursory review of the record shows that this claim is wholly misplaced.

Count 3 of the Superseding Indictment charged petitioner with conspiring with others to "possess firearms, including machineguns, in furtherance of a drug trafficking crime . . . in violation of 18 U.S.C. §§ 924(c)(1)(A) [and] 924(o) and 2." **Crim. No. 12-200, ECF No. 196** at 22-23. The jury returned a verdict of guilty on Count 3, and the verdict form expressly mentioned

"machineguns" in its description of the Count. **Crim. No. 12-200, ECF No. 2071** at 3. Evidently, the jury was asked to determine whether petitioner's violation involved a machinegun, and the verdict shows that they answered the question affirmatively. Therefore, there is no indication of an *Apprendi* violation with regards to Count 3. Because no violation occurred, petitioner suffered no prejudice under *Strickland* from his appellate counsel's decision to forgo this argument on appeal.

Turning to the alleged *Alleyne* violation, petitioner argues that his twenty-five-year sentence on Count 30 violated *Alleyne* because the statutory minimum for violating 18 U.S.C. § 924(c)(1)(A) is five years. **ECF No. 1** at 6-7. Petitioner's reply does not provide any clarification on the basis for this claim.

Count 30 of the Superseding Indictment charged petitioner with aiding and abetting the use and carry of a firearm during and in relation to a violent crime, the murder of "Pekeke" charged in Count 29, all in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), and 2. **Crim. No. 12-200, ECF No. 196** at 53. Section 924(c)(1)(A) provides several different sentencing minimums depending on whether the defendant uses, carries, or possesses the firearm, whether he or she brandished it, or whether the firearm is discharged. 18 U.S.C. § 924(c)(1)(A)(i)-(iii). For mere use, carry, or possession, the statute provides a minimum five-year imprisonment sentence; for brandishing, seven years imprisonment; and for discharging, ten years imprisonment. *Id.*

The jury verdict form reflects that the jury found petitioner guilty of Count 30 but that he did not discharge a firearm. **Crim. No. 12-200, ECF No. 2071** at 4. The charge read as "use and

carry" of a firearm and no mention is made of petitioner brandishing it, which made Section 924(c)(1)(A)(i)'s five-year minimum applicable. However, further down in the statute, Section 924(j)(1) provides for a mandatory sentence of "imprisonment for any term of years or life" when the Section 924(c) violation results in murder through the use of the firearm. *Id.*, § 924(j)(1). Therefore, the statutory sentencing range for petitioner that the Court applied was between five years and life imprisonment. *See* Tr. of Sentencing Hr'g, May 30, 2018, **Crim. No. 12-200, ECF No. 2197** at 67:12-17.

To the extent petitioner states an *Alleyne* claim for Count 30, the Court finds it meritless. There is no indication that the Court engaged in impermissible factfinding to increase the applicable mandatory minimum sentence. On the contrary, the sentencing transcript makes it clear that the Court considered the mandatory minimum sentence as five years imprisonment. *Id.* Further, in sentencing petitioner to twenty-five years, the Court used the United States Sentencing Guidelines, which provided for the grouping of all Counts and gave a Total Offense Level of 43; coupled with a Criminal History Category of III, this resulted in a recommendation of imprisonment for life. *See* Tr. of Sentencing Hr'g, May 31, 2018, **Crim. No. 12-200, ECF No. 2195** at 12:14 to 13:2. All of this to say that there was no *Alleyne* violation as to Count 30, and therefore, no prejudice under *Strickland*. *See United States v. Ramírez-Negrón*, 751 F.3d 42, 48 (1st Cir. 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne.*").

For these reasons, the Court **DENIES** petitioner's third claim of ineffective assistance of counsel.

### 4.  Whether petitioner's appellate counsel was ineffective for failing to raise stronger arguments on appeal as to Count 30.

Petitioner's fourth ground for relief faults his appellate counsel with not raising two specific arguments on appeal, which he contends were stronger arguments than those that were raised. **ECF No. 1** at 8. Before diving in, the Court recalls that claims of ineffective assistance of counsel at the appellate level are measured under *Strickland*. *See Evitts*, 469 U.S. at 39. And it is possible to allege it on the grounds that a particular nonfrivolous issue should have been raised. *See Smith v. Robins*, 528 U.S. 259, 288 (2000); *Campbell v. United States*, 108 F. App'x 1, 3 (1st Cir. 2004). However, "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.*, at 288.

The first argument that petitioner claims should have been raised on appeal relates to the lack of a *Rosemond* instruction, which was discussed and rejected above grounds as a basis for a trial-level ineffective assistance of counsel claim for lack of prejudice. What petitioner argues here is not that his appellate counsel failed to raise the issue, but that she failed to argue it on a plain error basis, reason for which the First Circuit denied the argument. *See Cruz-Ramos,* 987 F.3d at 39-40. Petitioner's basis for this seems to be a letter he attached to his motion to vacate in which his appellate counsel, Attorney Ruth M. Liebesman, advised petitioner to raise this

argument on collateral review. **ECF No. 1-1** at 3. Attorney Liebesman wrote that she had neglected to incorporate a plain error argument and that this "cost [petitioner] the ability to win the strongest issue on appeal." *Id.*

As discussed above, the aiding and abetting instruction given to the jury at petitioner's second trial complied with the substance of *Rosemond*. *See Manso-Cepeda*, 810 F.3d at 852, n.7. Therefore, petitioner suffered no prejudice from his appellate counsel's omission. Moreover, because *Strickland*'s standard is an objective one, Attorney Liebesman's "subjective impression that [her] representation was inadequate plays no role in [the Court's] decision." *Dugas v. Copla*, 428 F.3d 317, 328 n.10 (1st Cir. 2005). And in the end, failure to raise a meritless claim "does not constitute ineffective assistance of counsel." *Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990). The Court thus finds this first argument insufficient under *Strickland*.

The second argument petitioner claims should have been raised is stated as follows: "Appellate counsel failed to raise on appeal Count 30 general verdict's lack of proof of jury unanimity regarding 18 U.S.C. § 924(c) verdict and 18 U.S.C. § 924(j) verdict which are distinct crimes charged in the same Count." **ECF No. 1** at 8. The claim is threadbare and underdeveloped. The government does not address this claim in its opposition, and petitioner barely expands on it on reply. *See* **ECF No. 10** at 10-11.

But even construing it broadly in favor of stating an actual claim, petitioner's position overlooks the fact that Count 30 did not charge him with merely violating Section 924(c). Although it is true that the elements of Section 924(c) are incorporated by reference in Section

924(j)(1), this section requires, in addition, that the Section 924(c) violation result in murder, as defined in 18 U.S.C. § 1111. *See* 18 U.S.C. § 924(j)(1). Reading Count 30 as charged in the Superseding Indictment, it is clear that petitioner was charged for more than just a Section 924(c) violation:

> "On or about August 8, 2010… [petitioner and other defendants,] aiding and abetting each other and others known and unknown, did knowingly use and carry a firearm . . . during and in relation to a crime of violence . . . to wit, a violation of [18 U.S.C. 1959(a)(1)] as charged in Count Twenty-Nine of the Indictment, which is realleged and incorporated by reference herein, and in the course of that crime, the defendants did cause the death of Christian Toledo Sánchez, a/k/a "Pekeke," through the use of a firearm, which killing is murder as defined in [18 U.S.C. § 1111], in that defendants, with malice aforethought, did unlawfully kill [Pekeke] by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation.

**Crim. No. 12-200, ECF No. 196** at 53. As relevant to petitioner, this means that, in finding him guilty of Count 30, the jury found that he aided and abetted the use and carry of a firearm during and in relation to the crime of violence charged in Count 29, *i.e.*, the murder of Pekeke. So, even though the jury had to find that petitioner violated Section 924(c)(1)(A) in order to convict him under Section 924(j)(1), it did so unanimously by finding him guilty of Counts 29 and 30.

The Court sees no reason why the verdict form would have needed to bifurcate Count 30 as petitioner claims. And in any event, petitioner failed to develop this argument or cite to authority which would have supported his conclusion. Therefore, the Court finds that petitioner was not prejudiced by his appellate counsel's decision not to raise this argument on appeal, and that such decision did not render his representation of petitioner constitutionally ineffective.

Petitioner's fourth ground for relief is thus **DENIED.**

> **5.  Whether petitioner's appellate counsel was ineffective for failure to raise a** *Booker* **claim as to Count 29.**

Finally, petitioner's fifth and last ground for relief is that his appellate counsel was ineffective in failing to raise on appeal that his sentence as to Count 29 violated *United States v. Booker*, 543 U.S. 220 (2005). **ECF No. 1-1** at 1. Specifically, he argues:

> Had appellate counsel effectively challenged Count 3's sentence as an *Apprendi* violation and Count 30['s] sentence as an *Alleyne* violation, there's a reasonable probability that Count 29 sentence could be challenge[d] as procedurally, and substantively unreasonable because the court presumed the mandatory life sentence was the only term it could have imposed.

*Id.*

In *Booker*, the Supreme Court held that the United States Sentencing Guidelines are advisory instead of mandatory. *Id.*, at 245. But the premise of petitioner's final claim is incorrect. The sentencing court in his case did not impose a life sentence on Count 29 because it thought its hands were tied by the Guidelines. Rather, it imposed a life sentence because the statute, 18 U.S.C. § 1959(a)(1), requires a sentence of "death or life imprisonment." Thus, *Booker's* holding is inapposite to petitioner's Count 29 sentence, as it flows not from the Guidelines but from a statutory mandate. In other words, there was no *Booker* error.

On reply, petitioner cites to *United States v. Glynn*, 2022 WL 562652 (S.D.N.Y. Feb. 24, 2022). There, a judge modified a petitioner's mandatory life sentence pursuant to a request for compassionate release under 18 U.S.C. § 3582(c) and the First Step Act. According to petitioner,

this stands for the proposition that statutory sentences are not mandatory because the Court may impose a lesser sentence. The problem with this line of reasoning, however, is that petitioner's claim here is that his appellate counsel was ineffective in failing to raise a *Booker* claim on appeal. Whatever authority the Court may have in compassionate release proceedings has no bearing on whether his appellate counsel was ineffective. Petitioner's claim is measured under *Strickland's* rubric, not under the compassionate release factors of 18 U.S.C. § 3582(c).

Because there was no *Booker* error, there can be no *Strickland* prejudice. And insofar as petitioner's Count 3 *Apprendi* and Count 30 *Alleyne* claims are meritless, petitioner's attempt to link these arguments to a *Booker* claim is unavailing. There was no reasonable probability that he would have prevailed on appeal on a *Booker* claim as to Count 29. Petitioner's fifth ground for relief is therefore **DENIED**.

### D. Need for an evidentiary hearing.

"A district court may dismiss a section 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations [] consist of no more than conclusory prognostication and perfervid rhetoric." *Moreno-Espada v. United States*, 666 F.3d 60, 66 (1st Cir. 2012) (citations omitted).

Pursuant to the preceding analysis, the Court will not hold an evidentiary hearing. Petitioner's claims are not colorable and do not present a factual or legally complex matter. The underlying facts are sufficiently developed on the record and petitioner has not demonstrated a

need to investigate them further. *See Acosta-Andujar v. U.S.*, 74 F.Supp.3d 496, 499 (2015) (citing *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993). The Court is thus not persuaded that an evidentiary hearing is warranted.

### E. Certificate of appealability.

Rule 11(a) of the Section 2255 Rules provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court **DENIES** the COA because no such showing is present.

## III.   Conclusion

For the above-stated reasons, the Court **GRANTS IN PART, DENIES IN PAR**T petitioner's motion for leave to supplement at **ECF No. 18**, and **DENIES** petitioner's motion to vacate, set aside, or correct sentence at **ECF No. 1**. The above-captioned case is **DISMISSED**. Judgment shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 5th day of June, 2025.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**